# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. GENE MORRISON, | ) ) | |
| Petitioner, | ) ) ) | No. 05-C-2446 |
| v. | ) ) | HONORABLE DAVID H. COAR |
| NEDRA CHANDLER, | ) ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Before this Court is Petitioner Gene Morrison's ("Petitioner" or "Morrison") motion to vacate his sentence pursuant to 28 U.S.C. § 2254. For the reasons stated below, Petitioner's motion is DENIED.

## I.  BACKGROUND

Petitioner was tried by a jury and found guilty of first-degree murder and aggravated battery with a firearm. The court sentenced him to an aggregate term of 38 years' imprisonment. On appeal, the Illinois Appellate Court affirmed petitioner's convictions and sentences. Petitioner then filed a petition for post-conviction relief, raising the following arguments: (1) Petitioner's consecutive sentences were void because section 5-8-4 of the Unified Code of Corrections (730 ILCS 5/5-8-4) violated the proportionate penalties clause, as it effectively penalized lesser offenses more seriously than first-degree murder, and (2) Illinios's felony sentencing laws were established under an unconstitutional delegation of legislative authority that provided no standard for the trial judge to exercise discretion in setting the sentence. The trial court dismissed the petition as patently frivolous and without merit.

1

Petitioner then filed an appeal to the Appellate Court of Illinois. At this point, Petitioner's counsel filed a motion to withdraw under *Pennsylvania v. Finley.* Petitioner filed a response to his counsel's motion, raising the new argument that the trial court erred in finding that the two offenses of which he was convicted constituted a single course of conduct, which required the imposition of consecutive sentences. The Appellate Court granted counsel's motion to withdraw, and dismissed Petitioner's appeal. Petitioner filed a petition for leave to appeal (PLA) to the Supreme Court of Illinois, challenging the imposition of consecutive sentences on the ground that ILCS 5/5-8-4 was unconstitutional because it produced an absurd result in that offenses committed in a single course of conduct were punished more harshly than offenses committed in multiple courses of conduct. The Supreme Court of Illinois denied the PLA.

On April 25, 2005, Petitioner filed the instant habeas corpus petition, raising five issues:

(1) ILCS 5/5-8-4, which provides for consecutive sentences for two offenses that occurred during a single course of conduct, is unconstitutional because it produces an absurd result in that offenses committed in a single course of conduct are punished more harshly than offenses committed multiple courses of conduct;

(2) ILCS 5/5-8-4 is unconstitutional because it permits courts to impose an extended sentencing term without meeting the extended-term requirements;

(3) his consecutive sentences are improper because ILCS 5/5-8-4 imposes consecutive sentences for certain crimes committed with the same criminal objective, whereas petitioner had no criminal objective because he was acting in self-defense;

(4) the State failed to prove him guilty beyond a reasonable doubt; and

(5) Petitioner's trial and appellate counsel were ineffective for failing to raise the previous four issues.

## II. STANDARD

28 U.S.C. § 2254 empowers federal district courts to hear petitions for a writ of habeas corpus on behalf of a person in state custody on the ground that the imprisonment is in violation of the Constitution, treaties, or laws of the United States. 28 U.S.C. § 2254(a) (1996); *see Wainwright v. Sykes*, 433 U.S. 72, 77 (1977). A federal court may only consider the merits of a writ of habeas corpus after the petitioner has (1) exhausted all available state court remedies; and (2) first presented any federal claim in the state court.

## III. ANALYSIS

### A. Exhaustion of State Court Remedies

The question of exhaustion "refers only to remedies still available at the time of the federal petition," such that an applicant for federal could still obtain relief if he sought it in the state system. *Engle v. Isaac*, 456 U.S. 107, 125-26 (U.S. 1982); *O'Sullivan v. Boerckel*, 526 U.S. 838, 851-52 (U.S. 1999). Under such circumstances, where state remedies are still available at the time of the federal petition, the federal court must generally abstain from intervening in the interest of comity. *Id*. In the present case, there is no argument as to exhaustion; Respondent has already conceded that Petitioner has exhausted his state court remedies.

### B. Procedural Default

The procedural default doctrine ensures that state prisoners not only become ineligible for state relief before raising their claims in federal court, but also that "they give state courts a sufficient opportunity to decide those claims before doing so." *Id.* at 853. Procedural default

3

occurs when a petitioner failed to fairly present a federal constitutional claim for state courts to decide before raising it in the federal habeas proceeding, *Spreitzer v. Schomig*, 219 F.3d 639, 644-45 (7th Cir. 2000), or when the state court rejected the claim on an independent and adequate state law ground, *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). When a petitioner has the opportunity to raise a claim before the state supreme court and fails to do so, his claim is procedurally defaulted. *O'Sullivan v. Boerckel*, 526 U.S. 838, 847 (U.S. 1999). A claim that is otherwise barred for procedural default will only be cognizable in federal habeas proceedings if the petitioner can show "cause for the procedural default and actual prejudice as a result of the alleged violation of federal law," or can "demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750; *Murray v. Carrier*, 477 U.S. 478 (U.S. 1986).

Petitioner failed to raise his second, third, and fifth habeas claims in any state court proceeding. Therefore, these claims are procedurally defaulted under *Boerckel* unless the Petitioner can show cause and prejudice.

Furthermore, *Boerckel* held that state prisoners must give state courts the opportunity resolve any constitutional issues by availing themselves of one complete round of the state's established appellate review process before filing a habeas corpus petition. *See Boerckel*, 526 U.S. at 845. The presentation of a constitutional claim for the first time in a discretionary PLA does not adequately preserve it for purposes of habeas review. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Wilson v. Briley*, 243 F.3d 325, 328 (7th Cir. 2001).

Petitioner raised his first habeas claim for the first time in his PLA to the Supreme Court of Illinois, thereby failing to present it in one complete round of state court proceedings.

4

Consequently, Petitioner's first habeas claim is also procedurally defaulted unless he can show cause and prejudice.

Petitioner raises no argument for cause or prejudice with regard to any of his defaulted claims. A federal court may grant a procedurally defaulted habeas petition even in the absence of cause in extraordinary cases where "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 466 U.S. at 496. However, Petitioner does not make this claim.

Even if Petitioner's claims were to be addressed on the merits, the evidence does not support a finding for habeas relief. In claim one, Petitioner argues that ILCS 5/5-8-4 is unconstitutional because it produces an absurd result, in that offenses committed during a single course of conduct are punished more harshly than offenses committed in multiple courses of conduct. The Supreme Court of Illinois addressed the same claim in *People v. Arna*, 168 Ill. 2d 107 (Ill. 1995), holding that the statute did not violate the due process or proportional penalties clauses of the constitution. *See id.* at 104.

Petitioner's second claim is that ILCS 5/5-8-4 is unconstitutional because it permits courts to impose an extended sentencing term without meeting constitutional extended-term requirements. However, *People v. Carney*, 196 Ill. 2d 518 (Ill. 2001), *cert. denied,* 534 U.S. 1008 (2001), distinguishes the instant statute from those triggering the constitutional protections of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because *Apprendi* "was limited to situations in which a defendant is sentenced to a punishment that exceeds the statutory maximum sentence." 196 Ill. 2d at 531.

Petitioner's third claim is that his consecutive sentences are improper because ILCS 5/5-8-4 imposes consecutive sentences for certain crimes committed with the same criminal

objective, whereas petitioner had no criminal objective because he was acting in self-defense. For the purposes of review, this clam is indistinguishable from Petitioner's fourth claim, which the Court denies on the merits below.

Petitioner's fifth claim is that his trial and appellate counsel were ineffective for failing to raise his previous four claims. Because none of his previous four claims are meritorious, he cannot demonstrate that his counsel were ineffective for failing to raise them.

### C. Claim Four

Petitioner's fourth habeas claim is that there was insufficient evidence to prove that he committed first degree murder or aggravated battery with a firearm because the prosecution did not prove beyond a reasonable doubt that he was not acting in self-defense. On direct appeal, the Appellate Court of Illinois denied the claim after addressing it on the merits. Rule 23 Order, *People v. Morrison*, No. 2-00-0245 (Ill. App. Ct. 2002), Ex. K.

In *Jackson v. Virginia*, the Supreme Court of the United States articulated the standard of reviewing such habeas claims as "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." 443 U.S. 307, 319 (1979) (emphasis in original). Furthermore, "[f]ederal review of [habeas] claims … turns on whether the state court provided fair process and engaged in reasoned, good-faith decisionmaking when applying *Jackson's* 'no rational trier of fact' test." *Gomez v. Acevedo*, 106 F.3d 192, 199 (7th Cir. 1996).[1]

After considering the evidence, the appellate court noted that that was no testimony at trial that anyone other than the Petitioner was armed on the night of the incident. *See* Ex. K at

---

[1] Although the specific holding of *Jackson* is limited to federal habeas claims, the Seventh Circuit has opined that it indicated a duty for state appellate courts to consider whether "no rational trier of fact could find guilt beyond a reasonable doubt." *Gomez*, 106 F.3d at n.5. The Illinois Appellate Court properly satisfied this duty by following the Illinois standard, under which "[t]he trier of fact's decision on the issue of self-defense [is] not disturbed on review unless the decision is so improbable or unsatisfactory that it raises a reasonable doubt of defendant's guilt. Ex. K at 10, *quoting People v. Shields*, 298 Ill. App. 3d. 943, 947 (Ill. App. 1 Dist. 1998).

11. It also noted that, because the Petitioner did not testify at trial, the trier of fact had difficulty determining whether he had the state of mind and intent required for self-defense. *See id.* Furthermore, there was testimony at trial that the Petitioner had threatened to kill members of the gang to which one of the shooting victims belonged. *See id.* The court concluded that "[t]here was inconsistent evidence as to what precipitated the shooting, and in finding defendant guilty, the jury implicitly rejected defendant's contention that he shot into the crowd only after he had been pushed to the ground, punched, and kicked." *Id.* Thus, "after viewing the evidence in the light most favorable to the prosecution," it held that "any rational trier of fact could have found beyond a reasonable doubt that the State (1) established the elements of first-degree murder and aggravated battery with a firearm and (2) disproved at least one element of [Petitioner]'s theory of self-defense." *Id.* at 11-12.

Because the appellate court correctly applied the *Jackson* standard, the only remaining question is whether its application *Jackson* was reasonable. The Court holds that it was. The appellate court considered specific pieces of evidence and concluded that, after viewing it in the light most favorable to the prosecution, it was adequate for a rational trier of fact to find the Petitioner guilty beyond a reasonable doubt. The Court therefore denies Petitioner's request for habeas corpus relief on this claim.

## IV. CONCLUSION

For the foregoing reasons, Morrison's Petition for a Writ of Habeas Corpus is DENIED. This case is closed.

Enter:

/s/ David H. Coar

_____

David H. Coar
United States District Judge

Dated: **September 29, 2008**

8